IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN EARL SCALLY,                              No. 2:15-cv-2528-CMK-P

      Plaintiff,

  vs.                                                                    ORDER

THOMAS A. FERRARA, et al.,

      Defendants.

_____/

      Plaintiff, a county jail inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), several motion for temporary restraining orders (Docs. 5, 6, 8, 11, 12, 14), and a motion for appointment of counsel (Doc. 15).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are factually vague. It appears that he has had a difficult time challenging his treatment while in the county jail, but it is unclear whether plaintiff has followed the proper inmate grievance process to have his complaint heard properly. He states he submitted a citizen's complaint, which was destroyed. He further alleges that one of the defendants, Alcosta, placed him in the wrong unit subjecting him to harassment and threats from another inmate. When he complained about this, he state the defendant harassed him directly, and submitted a false incident report. This false incident report resulted in an inmate disciplinary proceeding, wherein plaintiff alleges he was denied his Due Process rights.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects. First and foremost, plaintiff's claims are not sufficiently plead for the court to properly evaluate whether plaintiff can state a claim or whether his claims are frivolous. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

It appears plaintiff is attempting to state a claim for possible violation of his First Amendment rights (interference with the grievance process), Eighth Amendment (failure to protect), and Due Process rights (related to a prison disciplinary proceeding). He also appears to be claiming harassment. If there are other attempted claims, the facts alleged are too vague for the court to decipher. None of these claims, as plead, are viable. However, several may be subject to cure with an amendment. Plaintiff will therefore be provided an opportunity to file an amended complaint as to the first three possible claims mentioned above, as discussed more fully below.

First, to the extent plaintiff claim relates to the inmate grievance process, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did

not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Plaintiff alleges he attempted to submit complaints as to staff conduct to both Sheriff Ferrara and the Clerk of the Board, Chirila. Both attempts were forestalled as the complaints were destroyed. In addition, he alleges defendant Sands altered a grievance, but he fails to provide information as to how it was altered. It is unclear whether plaintiff actually attempted to initiate a grievance following the proper procedure. If he did, and the grievances were destroyed or modified in an attempt to interfere with plaintiff's ability to grieve a perceived wrong, he may be able to state a claim for violation of his First Amendment rights. To the extent he is unsatisfied with the results of his inmate grievances, however, he is unable to state a claim for violation of any rights. As plead, this claim is insufficiently vague for the court to determine whether there was a potential violation of his rights.

However, to the extent plaintiff names these two defendants based on their position rather than their personal involvement in any alleged violation of his constitutional rights, plaintiff is informed that supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129

4

S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Second, plaintiff appears to be attempting to state a claim for failure to protect, in violation of his Eighth Amendment rights. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable

1 | mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Plaintiff claims defendant Acosta took him and left him in the wrong area where he was threatened by another inmate with sexual assault and violence. However, it is unclear to the court whether there was an actual substantial risk of harm to plaintiff, or just risk of threat, nor is it clear whether the risk of danger was more than a mere suspicion. In order for plaintiff to be able to state a claim for violation of his Eighth Amendment rights, he must show he was at risk from actual physical abuse, not simply a threat of harm.

Third, plaintiff appears to be claiming violation of his Due Process rights related to a disciplinary proceeding. He alleges defendant Sands allowed proceedings on a false report, and Beck refused to allow plaintiff to call witnesses and present evidence.

/ / /

/ / /

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

To the extent plaintiff claims he was denied the ability to call witnesses and submit evidence at a disciplinary hearing, he may be able to state a claim. However, it appears that the hearing officer is not named as a defendant to this action, nor does plaintiff provide sufficient information as to what was denied. Vague allegations about being denied the right to call witnesses and present evidence is insufficient to provide the defendant as to what plaintiff's actual claim is. He fails to explain what witnesses he should have been allowed to call, and why denial of those witnesses violated his rights. He also fails to explain the defendants' involvement

in the denial of his Due Process rights.

Finally, it appears plaintiff is attempting to allege an Eighth Amendment violation against defendant Acosta for harassing him. As stated above, a prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal comments were unusually gross, even for a prison setting, and that he was in fact psychologically damaged as a result of the comments. See Keenan, 83 F.3d at 1092. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See id. (assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong).

Plaintiff's allegations that defendant Acosta harassed him and withheld food for one meal on two separate days, while deplorable, do not raise to the level of an Eighth Amendment violation. See Anderson v. County of Kern, 45 F.3d 1310 (9th Cir. 1995) (temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations). This claim does not appear to be curable.

### III. MOTIONS FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed several motions for temporary restraining order, some of which are simply duplicative motions. In essence, plaintiff is complaining about the lack of medical treatment and the way his mail is being handled at the jail. It is unclear as to what remedy he is

requesting, but does mention that his is a request for a writ of mandamus.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

Here, the issues raised in the motions for temporary restraining order are unrelated to the claims the court is able to decipher from his complaint. While the complaint raises issues with inmate grievances, safety, harassment, and Due Process, the motions for temporary restraining order relate to medical care and mail. There is nothing in the complaint related to either the denial of medical treatment or mishandling of mail. In fact, there are no defendants named who are involved in plaintiff's medical treatment nor who appear to be involved with inmate mail. Therefore, even if the court was to determine he had a reasonable chance of success on the merits of his case, his issue with medical treatment and/or mail would not be impacted. Similarly, he has failed to show irreparable harm. While lack of medical treatment may in some cases lead to irreparable harm, plaintiff fails to explain what medical treatment he is in need of and not receiving. Even if the claim was related to the claims raised in this action, plaintiff fails to meet his burden as to showing irreparable harm. Likewise as to his complaint about his mail, he fails to show any irreparable injury. If plaintiff believes his rights to access the courts is being violated, he has not raised that as an issue in his complaint nor is it related to the other issues he

did raise. Plaintiff's concerns regarding medical treatment and the handling of his mail would best be addressed in an a separate action.

In addition, to the extent plaintiff is requesting a writ of mandamus, under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions . . . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty . . . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

Plaintiff is requesting this court to issue an order commanding county jail employees to act, or not act, in a certain manner. Such a request is outside this court's power. The individuals plaintiff contends are interfering with his ability to prosecute this case are not employees of the United States.

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the

ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  This case involves claims of violation of plaintiff's First Amendment rights regarding inmate grievances, Eighth Amendment rights to be safe, and violation of Due Process rights at disciplinary proceedings. These claims are fairly straightforward and do not appear to be particularly complex, either legally or factually. Plaintiff has demonstrated sufficient ability to articulate his claim.  While his current complaint is insufficient, it does not appear to be due to plaintiff's inability to articulate his claim.  At this early stage of the proceedings, especially in light of the above discussion, the undersigned cannot say that plaintiff is likely to prevail in this lawsuit.  If plaintiff successfully files an amended complaint which states a claim, he may be able to renew his request for appointment of counsel.  However, until such time, the undersigned does not find the required circumstances for appointment of counsel at this stage of the proceedings.

## V. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

///

1  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Plaintiff shall file a amended complaint within 30 days of the date of service of this order;

3. Plaintiff's motions for temporary restraining order (Docs. 5, 6, 8, 11, 12, 14) are denied; and

///

    4.      Plaintiff's motion for appointment of counsel (Doc. 15) is denied.

DATED: September 22, 2016

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE