**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

STEPHEN EARL SCALLY,                              No. 2:15-cv-2528-CMK-P

        Plaintiff,

   vs.                                                   <u>ORDER</u>

THOMAS A. FERRARA, et al.,

        Defendants.

_____/

        Plaintiff, a county jail inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pending before the court is plaintiff's first amended complaint (Doc. 19) and motion for appointment of counsel (Doc. 21).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5  allege with at least some degree of particularity overt acts by specific defendants which support

6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7  impossible for the court to conduct the screening required by law when the allegations are vague

8  and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

10  Plaintiff's allegations are factually vague relating to numerous incidents that

11  occurred between July 2, 2015, and November 25, 2016, involving sixty-five named defendants

12  and 1 through XXXXXX doe defendants.

### II. DISCUSSION

14  Plaintiff's first amended complaint suffers from many of the same defects

15  contained in his original complaint.  In addition to those defects, the amended complaint includes

16  allegations relating to over twenty incidents that occurred after the filing of the initial complaint.

17  As discussed above, Rule 8 requires a complaint contain a short and plain

18  statement of the claim.  Plaintiff's complaint refers to over three hundred sixty (360) pages of

19  attached documents which purportedly support the factual allegations against the defendants.

20  This pleading method does not, however, satisfy the requirement of Federal Rule of Civil

21  Procedure 8(a) that claims must be stated simply, concisely, and directly.  To the contrary,

22  plaintiff's complaint would require the court to comb through three hundred seventy-nine (379)

23  pages of documents in order to even guess at plaintiff's claims.  The court is unwilling to do this

24  in part due to limited judicial resources but also because it is for plaintiff – not the court – to

25  formulate his claims.

26  / / /

1         Plaintiff's claims are not sufficiently plead for the court to properly evaluate

2   whether plaintiff can state a claim or whether his claims are frivolous.  To state a claim under 42

3   U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the

4   named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S.

5   658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the

6   deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act,

7   participates in another's affirmative acts, or omits to perform an act which he is legally required

8   to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740,

9   743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

10  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

11  266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual

12  defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d

13  628, 634 (9th Cir. 1988).

14        The claims the court was able to decipher from plaintiff's original complaint were

15  addressed in the court's prior screening order.  Plaintiff is referred to that order for guidance as to

16  what is necessary to state a claim.  However, if plaintiff is not able to file a second amended

17  complaint that complies with the requirements of Rule 8 and which sufficiently sets forth specific

18  factual allegations as to which of his Constitutional rights were violated and by whom, the court

19  may dismiss this action in its entirety. Any amended complaint shall be limited to the claims

20  raised in plaintiff's original complaint; plaintiff shall not add additional unrelated claims or

21  additional unrelated defendants.  In addition, plaintiff shall not attempt to restate claims which

22  were previously found not subject to cure.

23  ### III.  MOTION FOR APPOINTMENT OF COUNSEL

24        Plaintiff also seeks the appointment of counsel.  The United States Supreme Court

25  has ruled that district courts lack authority to require counsel to represent indigent prisoners in

26  § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  As best the court can determine, this case involves claims of violation of plaintiff's First Amendment rights regarding inmate grievances, Eighth Amendment rights to be safe, and violation of Due Process rights at disciplinary proceedings. These claims are fairly straightforward and do not appear to be particularly complex, either legally or factually. While his current complaint is insufficient, it does not appear to be due to plaintiff's inability to articulate his claim.  At this early stage of the proceedings, especially in light of the above discussion, the undersigned cannot say that plaintiff is likely to prevail in this lawsuit.  Plaintiff was advised that if he successfully files an amended complaint which states a claim, he may be able to renew his request for appointment of counsel.  However, the amended complaint filed does not comply with Rule 8 and is insufficient as stated above.  The undersigned does not find the required circumstances for appointment of counsel at this stage of the proceedings.

## IV.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

1   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

2   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

3   plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

4   complete in itself without reference to any prior pleading.  See id.

5          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

8   each named defendant is involved, and must set forth some affirmative link or connection

9   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

10  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11         Finally, plaintiff is warned that failure to file an amended complaint within the

12  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

13  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

14  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

15  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16         Accordingly, IT IS HEREBY ORDERED that:

17         1.     Plaintiff's amended complaint is dismissed with leave to amend;

18         2.     Plaintiff shall file a second amended complaint within 30 days of the date

19  of service of this order;

20         3.     Plaintiff's motion for appointment of counsel (Doc. 21) is denied.

21

22   DATED:  February 3, 2017

23                                          _____

24                                          CRAIG M. KELLISON
                                            UNITED STATES MAGISTRATE JUDGE

25

26