IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN EARL SCALLY,  No. 2:15-cv-2528-CMK-P

    Plaintiff,

  vs.  ORDER

THOMAS A. FERRARA, et al.,

    Defendants.

_____/

    Plaintiff, a county jail inmate, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's motion for reconsideration (Doc. 26) and motion for an extension of time (Doc. 25).

    The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later

than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

Here, plaintiff is requesting the court reconsider its order dismissing plaintiff's amended complaint with leave to file a second amended complaint. As this order is not a final judgment, Rule 59 (e) does not apply to his request. Under Rule 60(b), plaintiff must show mistake, fraud, or newly discovered evidence. Here, he has done none of the above.

The order plaintiff is objecting to is a screening order in which the undersigned found plaintiff's amended complaint was insufficient to state a claim, as was his original complaint. Specifically, the court found that the amended complaint was vague, the convoluted facts and excessive exhibits failed to meet Rule 8's requirements of a short and plain statement of his claim, the same defects that were present in the original complaint. Plaintiff's motion for reconsideration is similarly vague and convoluted. However, it does not appear that plaintiff has met the standard for granting reconsideration.

Plaintiff argues that there is new evidence, the court committed clear error, and there were changes in the controlling law. These are the standards set forth in Rule 59(e) for reconsideration of a final judgment. As the order plaintiff objects to is not a final judgement, those standards are incorrect. However, under either standard, plaintiff's arguments are not persuasive. The additional evidence plaintiff sets forth relates to additional incidents involving his treatment at the jail. Any additional incidents of mistreatment would not have any impact on the reasons provided for dismissing plaintiff's complaint. The clear error plaintiff alleges is based on a manifestly unjust order. The undersigned finds nothing manifestly unjust in requiring plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure. This is the standard to which all complaints are based, and is not used to cause plaintiff any additional challenges in filing his case. It is plaintiff's responsibility to draft a complaint which can be easily understood by both the court and the defendants. Finally, plaintiff's contention that there has been an intervening change in the controlling law is unclear. It appears he is arguing that this court has jurisdiction to hear his claims. That is not the basis in which the amended complaint was dismissed.

Therefore, plaintiff's motion for reconsideration will be denied. Plaintiff is still required to file an amended complaint that complies with Rule 8 in order to proceed with this action. In order to do so, plaintiff must set forth his claims clearly and concisely. Exhibits should not be attached to his complaint; evidence to support his claims will be admissible at a later date if his complaint survives screening. To the extent plaintiff requests additional time in which to file his second amended complaint, that request will be granted. Plaintiff is required to file a second amended complaint within 30 days of the date of this order.

Finally, within plaintiff's motion for reconsideration, it appears he is renewing his request for the appointment of counsel. Plaintiff's original request for counsel was denied as the undersigned found no exceptional circumstances. As plaintiff was informed, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Nothing in plaintiff's renewed request changes the prior finding. To the extent plaintiff now claims he has been found incompetent, he fails to provide the court with sufficient information for the court to evaluate that issue. From plaintiff's filings, it does not appear that his mental health issues interfere with his ability to understand these proceedings. His renewed request for counsel will be denied.

According, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Doc. 26) is denied;

2. Plaintiff's motion for an extension of time to file a second amended complaint (Doc. 25) is granted;

3. Plaintiff shall file a second amended complaint, which complies with Federal Rule of Civil Procedure 8, within 30 days of the date of this order; and

4. Plaintiff's motion for appointment of counsel is denied.

DATED: September 18, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE