IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EARL SCALLY, | No. 2:15-CV-2528-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| THOMAS A. FERRARA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motions for the appointment of counsel (Docs. 29 and 31)[1]; (2) plaintiff's motion for an extension of time to file a second amended complaint (Doc. 30); and (3) plaintiff's motion for summary judgment (Doc. 32).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v.

---

[1] Plaintiff's request for reconsideration of a prior order denying counsel will be addressed separately.

1

Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Specifically, because plaintiff has not yet complied with this court's order to file a second amended complaint, it is impossible to evaluate the likelihood of success on the merits of plaintiff's claims. Because the court cannot make this necessary determination, the court is also unable to find that exceptional circumstances exist warranting the appointment of counsel at this time. Plaintiff's motions for the appointment of counsel will, therefore, be denied.

Plaintiff's seeks an extension of time to file a second amended complaint. Good cause appearing therefor, plaintiff's request will be granted.

Plaintiff has filed a motion entitled "Motion for Summary Judgment and Notice for Summary Adjudication." The motion is defective and premature. It is defective in that it does not comply with the procedural requirements of Federal Rule of Civil Procedure 56(c)(1) because the motion contains citations to particular evidence in the record showing that there are no genuine disputes of material fact. This defect also violates Eastern District of California Local Rule 260(a). The motion is premature in that it has been filed before the case has been put at issue with the filing of an answer and before any discovery has been conducted. Plaintiff's motion will be stricken.

Finally, pursuant to Eastern District of California Local Rules, this case was not assigned to a District Judge when the case was filed. The parties have not consented to Magistrate Judge jurisdiction and the court now finds that assignment of a District Judge is necessary to properly address the case. The Clerk of the Court will be directed to assign a

District Judge.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the appointment of counsel (Docs. 29 and 31) are denied;

2. Plaintiff's motion for an extension of time (Doc. 30) is granted:

3. Plaintiff shall file a second amended complaint consistent with the court's prior orders within 30 days of the date of this order;

4. Plaintiff's motion for summary judgment (Doc. 32) is stricken as defective and premature; and

5. The Clerk of the Court is directed to randomly assign a District Judge and to update the docket to reflect the new case number.

DATED: August 10, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE