IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN EARL SCALLY,  No. 2:15-CV-2528-MCE-CMK-P

    Plaintiff,

  vs.  ORDER

THOMAS A. FERRARA, et al.,

    Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motions for the appointment of counsel (Docs. 36).

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

own in light of the complexity of the legal issues involved. See <u>Terrell</u>, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. <u>See id.</u>

In the present case, the court does not at this time find the required exceptional circumstances. Specifically, because plaintiff has not yet complied with this court's order to file a second amended complaint, it is impossible to evaluate the likelihood of success on the merits of plaintiff's claims. Because the court cannot make this necessary determination, the court is also unable to find that exceptional circumstances exist warranting the appointment of counsel at this time. Plaintiff's motions for the appointment of counsel will, therefore, be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 36) is denied.

DATED: August 21, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE