IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN EARL SCALLY,

Plaintiff,

v.

THOMAS A. FERRARA, et al.,

Defendants.

No. 2:15-CV-2528-MCE-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's second amended complaint (ECF No. 41) and Plaintiff's renewed motion for the appointment of counsel (ECF No. 42). Plaintiff alleges violations of the First, Fifth, Seventh, Eighth, Fourteenth, Amendments as well as various other federal statutes. Plaintiff's allegations are difficult to decipher and fail to square with the pleading standard. For the reasons set forth below Plaintiff's complaint is dismissed with leave to amend.

**I. SCREENING REQUIREMENT AND STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named eight Defendants and sixty doe defendants 1 though XXXXXX. Plaintiff's complaint contains various allegations related to alleged sexual harassment following his efforts to rebuff the sexual advance of an unknown Defendant. Plaintiff's allegations are vague and conclusory—asserting that certain Defendants "sexually abused" him but providing little to no information as to how. Plaintiff also concludes throughout the complaint that certain Defendants have engaged in a conspiracy to alter or cover up his

grievances, yet Plaintiff fails to provide any factual allegations to support such conclusions. Further, any factual allegation Plaintiff provides with supporting detail is wholly unconnected with any alleged claim. For example, Plaintiff points to, on several occasions, instances where food is used in a sexually explicit way to "harass" him. However Plaintiff fails to set forth whether these alleged wrongful acts are charged as a constitutional violation or one of his various alleged statutory violations. Additionally, Plaintiff's complaint contains over 220 pages of material, making his allegations even more difficult for this Court to identify and decipher.

### III. ANALYSIS

Plaintiff's second amended complaint suffers from many of the same defects contained in his original complaint and his first amended complaint. Plaintiff's second amended complaint has failed to remedy any of the pleading issues identified in either of this courts prior two screening orders. Rather, this complaint simply continues to abstractly plead alleged constitutional and statutory violations supported by verbose, confusing, and conclusory factual allegations.

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff raises a multitude of allegations asserting constitutional and statutory violations, supported by sixteen pages of unclear and conclusory factual allegations and over 200 pages of attached documents. This is not a short nor plain statement of Plaintiff's claim(s) and provides no basis for relief. Further, this complaint fails to provide a short and plain statement of each claim, stating simply, concisely, and directly that Plaintiff is entitled to relief. It would be impossible to conclude that any of the Defendants in this case have fair notice of the claims against them. For Plaintiff to succeed past screening, he must compose a complaint that complies with the pleading requirement outlined in Rule 8 of the Federal Rules of Civil Procedure and discussed above. Put simply, Plaintiff must identify the specific claim e.g. a violation of the Eighth Amendment, and provide facts demonstrating the acts of the defendant(s) that caused that alleged violation.

Plaintiff is further reminded that to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Finally, the Court refers Plaintiff to this Court's prior screening orders for guidance regarding what is necessary for the specific constitutional claims identified therein. If Plaintiff is unable to file a third amended complaint that complies with the requirements of Rule 8 and which sufficiently sets fourth factual allegations as to which of his Constitutional rights were violated and by whom, the Court will dismiss this action in its entirety.

///

4

## IV.  AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## V. MOTION FOR APPOINTMENT OF COUNSEL

Pending before the court is plaintiff's motion for the appointment of counsel (Doc. 42). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff asserts that he requires the appointment of legal counsel because he is unable to afford counsel, being in prison limits his ability to litigate, he has limited access to the law library, he has a judicial finding of incompetence from an unnamed judge, and the issues in his case are complex.

Turning first to Plaintiff's likelihood of success on the merits. Plaintiff makes no argument in his motion that he will likely be successful on the merits of this specific case. Additionally, this Court's review of the complaint found that Plaintiff has failed to meet the threshold pleading standard necessary to pass screening. For that reason, it would be impossible to determine that Plaintiff would likely succeed on the merits of his case. Second, this court looks to Plaintiff's ability to articulate his claims on his own in light of the complexity of the legal issues involved. Though Plaintiff has failed to compose a clear complaint that satisfies the pleading standard, he does not seem incapable of articulating his claims generally. Further, Plaintiff's potential claims are not so complex as to warrant the need of appointed counsel. Thus, Plaintiff has not made an adequate showing that he is entitled to appointed counsel.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (Doc. 42) is denied;
2. Plaintiff's complaint is dismissed with leave to amend; and
3. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order

Dated: January 17, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE