# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN EARL SCALLY,

Plaintiff,

v.

THOMAS A. FERRARA, et al.,

Defendants.

No. 2:15-CV-2528-MCE-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's renewed motion for the appointment of counsel (Doc. 45).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. First, at this stage of the proceedings before plaintiff has complied with the court's January 17, 2019, order to file a third amended complaint, before any answer has been filed, and before any discovery has been conducted, the court cannot say plaintiff has any particular likelihood of success on the merits of his claims.[1] Second, it does not appear at this time plaintiff's claim of "aggravated sexual abuse" is either factually or legally complex. Third, a review of the file indicates plaintiff has been able to articulate himself sufficiently. Finally, plaintiff does not outline in his motion any other circumstances which the court could reasonably conclude are exceptional and warrant the appointment of counsel.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiff's renewed request for the appointment of counsel (Doc. 45) is denied.

Dated: February 27, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The deadline for plaintiff to file a third amended complaint has expired and, by separate findings and recommendations issued herewith, the court recommends dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

[2] While plaintiff alleges in his current motion a state court has determined he is incompetent, he does not support this allegation with a copy of the state court's order. In any event, the reasons cited by plaintiff in his motion for appointment of counsel – incarceration and limited access to facilities – are unrelated to plaintiff's mental health.